MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (SBN 211096)
adskale@mintz.com
Adam B. Korn (SBN 331133)
abkorn@mintz.com
Michael R. Graif (*Pro Hac Vice Forthcoming*)
mrgraif@mintz.com
Century Plaza Towers
2049 Century Park East, Suite 300
Los Angeles, CA 90067
(310) 586-3200

*Attorneys for Plaintiff Umbra LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMBRA LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>GRAND FUSION HOUSEWARES, LLC.<br><br>    Defendant. | CIVIL CASE NO. 8:23-cv-00731<br><br>**COMPLAINT FOR:**<br>**PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

COMPLAINT FOR:
PATENT INFRINGEMENT

Plaintiff Umbra LLC ("Umbra" or "Plaintiff"), for its Complaint against defendant Grand Fusion Housewares, LLC ("Grand Fusion" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the Patent Act, 35 U.S.C. § 1 *et seq*.

2. This action arises out of Grand Fusion's knowing and willful violation of Umbra's protected intellectual property rights. Grand Fusion is distributing and selling combination dish drying mat and rack products ("Accused Products") that infringe Umbra's rights in U.S. Patent No. 9,907,453 (the "'453 Patent"). Umbra seeks a permanent injunction prohibiting Grand Fusion from infringing and profiting from Umbra's intellectual property, as well as damages sufficient to compensate Umbra for Grand Fusion's previous, ongoing, and future infringement.

## THE PARTIES

3. Plaintiff Umbra is a New York limited liability company having its principal place of business at 1705 Broadway Street, Buffalo, New York 14212. Umbra does business in this judicial district.

4. On information and belief, Defendant Grand Fusion is a Limited Liability Company existing under the laws of the state of California, with a registered principal address and office at 12, Partridge, Irvine, CA 92604. On information and belief, Grand Fusion does business in this judicial district.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 35 U.S.C. § 271 and 28 U.S.C. §§ 1331 and 1338.

6. This Court has both general and specific personal jurisdiction over Grand Fusion because it is a Limited Liability Company organized under the laws

- 2 -
COMPLAINT FOR:
PATENT INFRINGEMENT

of California, resides in this judicial district, and has committed acts of patent infringement in this judicial district.

7.     For example, Grand Fusion's February 13, 2023 Statement of Information filed with the California Secretary of State lists "12, Partridge, Irvine, CA 92604" as its principal office address, mailing address, street address, and service address. Ex. A.

8.     Grand Fusion has continuous and systematic business contacts with the state of California, directly or through intermediaries such as retailers, including by regularly and continuously transacting and doing business in California, including this district, and conducts business in California by shipping, distributing, offering for sale, selling, advertising, and repairing the Accused Products in California, including the Central District of California. *See, e.g.*, Ex. B (https://www.grandfusionhousewares.com/policies/refund-policy, refund policy stating "To return your product, you should mail your product to: Grand Fusion Housewares Attention: Della Ou 13896 Magnolia Avenue Chino, CA 91710," last accessed April 20, 2023).

9.     Grand Fusion, directly or through subsidiaries and intermediaries such as retailers, has purposefully and voluntarily placed the Accused Products into the stream of commerce with the intention and expectation that they will be purchased and used by consumers, including in the Central District of California. *See, e.g.*, Ex. C (https://www.grandfusionhousewares.com/pages/ccpa-opt-out, permitting California residents to opt out of the "sale" of their personal information and stating "To be eligible to opt-out, you must be browsing from California," last accessed April 20, 2023).

COMPLAINT FOR:
PATENT INFRINGEMENT

10.     Grand Fusion sells and offers for sale its infringing products to customers in this district, at least through its interactive website and distribution partners.

11.     Accordingly, this Court has specific jurisdiction over Grand Fusion in connection with this action, and its contacts with California are continuous and systematic to such an extent that Grand Fusion is subject to the general jurisdiction of California and this Court. Therefore, the exercise of jurisdiction over Grand Fusion is appropriate under the applicable jurisdictional statutes and would not offend traditional notions of fair play and substantial justice.

12.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b). Venue is proper at least because Grand Fusion is incorporated as a Limited Liability Company in the State of California, and its principal office address, mailing address, street address, and service address are located in this district at 12, Partridge, Irvine, CA 92604.

13.     Venue is also proper in this district because Grand Fusion has a regular and established place of business within the district at 13896 Magnolia Avenue, Chino, CA 91710. *See* Ex. B (refund policy stating "To return your product, you should mail your product to: Grand Fusion Housewares Attention: Della Ou 13896 Magnolia Avenue Chino, CA 91710").

## BACKGROUND AND ASSERTED PATENT

14.     Over a period of more than 30 years, Umbra has developed and maintained valuable intellectual property rights and goodwill in the United States and worldwide. Umbra has invested substantial amounts of money, time, and resources in developing and maintaining its intellectual property assets, which include patents, trademarks, and trade dress, and associated goodwill. Among the innovative products that Umbra has developed and patent-protected is the UDry

- 4 -

Family of dish racks with drying mats, which practice the '453 Patent and are marked pursuant to 35 U.S.C. § 287.

15.     On or about December 22, 2015, Umbra filed a utility patent application, Application No. 14/978,506, with the United States Patent and Trademark Office ("USPTO"). After a full and fair examination, the USPTO duly and legally issued the '453 Patent, titled "Combination Dish Drying Mat and Rack," on March 6, 2018. A true and correct copy of the '453 Patent is attached as Ex. D.

16.     Umbra owns by assignment all rights, title, and interest in the '453 Patent with full rights to enforce the '453 Patent and sue to recover for past, present, and future damages.

17.     The '453 Patent is valid and enforceable.

18.     The '453 Patent is generally directed to a novel dish drying mat and rack for dishware, flatware, and other kitchenware that can be disassembled for more efficient cleaning and compact storage. Ex. D at 1:5-10. In particular, the invention claimed in the '453 Patent addressed the long-felt need for a combination dish drying mat and rack that included both a dishware area and a utensil area, while also being capable of being dismantled and folded for easy cleaning and compact storage. Ex. D at 1:14-59.

19.     Independent Claim 1 of the '453 Patent recites innovations found in UDry Family of dish racks with drying mats products:

1. A combination dish drying mat and rack, comprising:

a mat having a top surface, bottom surface, a plurality of sides, a plurality of segments and at least two folds, wherein each fold is disposed as a divisor between each of two segments and the mat is operatively arranged to be foldable about the folds into a closed position; and,

- 5 -

a rack having a base, wherein the base of the rack rests upon at least a portion of the top surface of the mat in an open position, the rack having a plurality of ribs extending upwardly from the base and a plurality of channels, wherein the plurality of ribs form the corresponding plurality of channels, the plurality of ribs and channels are operatively arranged to hold kitchenware in a substantially upright position, and the rack is arranged to be disposed within at least a portion of the mat when the mat is folded into a closed position,

the rack further comprising a plurality of protrusions extending upwardly from the base and a plurality of slots recessed within the base, wherein the plurality of protrusions are arranged in pairs and each protrusion of each pair is disposed opposite one another laterally across the base of the rack and the plurality of slots are co-planar and parallel to one another.

20.   On or around early 2022, Umbra became aware of Grand Fusion's Accused Products.

21.   On April 27, 2022, counsel for Umbra sent a cease and desist letter Grand Fusion regarding its infringement of the '453 Patent. Ex. E.

22.   Specifically, the April 27, 2022 letter identified the "COMPACT COLLAPSIBLE DISH DRYING RACK AND ULTRA ABSORBENT MICROFIBER MAT and/or DISH DRYING RACK AND ULTRA ABSORBENT MICROFIBER MAT" Accused Products. *Id.*

23.   The letter included pictures of a purchased Accused Product, as well as screenshots of Accused Products being sold and offered for sale on various websites, including Amazon.com and Grand Fusion's website. *Id.*

24.   Umbra also demanded that Grand Fusion immediately cease and desist from any and all manufacture, use, offer for sale, sale or importation of the Accused Products, immediately recall all Accused Products, disclose the total number of

COMPLAINT FOR:
PATENT INFRINGEMENT

Accused Products existing in inventory, destroy all existing inventory of Accused Products, confirm in writing that Grand Fusion had accomplished the foregoing, provide an accounting, and provide the contact information for all suppliers, manufacturers, distributors, and retailers of the Accused Products. *Id.*

25.    In response, on or around May 24, 2022, Mr. Brendan Bauer (on information and belief, the President and Co-Founder of Grand Fusion) emailed counsel for Umbra asking for additional information regarding Umbra's patent infringement allegations. *See* Ex. F.

26.    Counsel for Umbra replied to Mr. Bauer's email with a letter dated June 7, 2022. *Id.*

27.    In that June 7, 2022 letter, in a good faith effort to advance the parties' discussion, counsel for Umbra provided a detailed claim chart for Claim 1 of the '453 Patent and Grand Fusion's "Dish Drying Mat with 3 Section Rack" product. *Id.* Counsel reiterated Umbra's demands from its initial letter. *Id.*

28.    Approximately a month later, on or around June 30, 2022, counsel for Grand Fusion responded to Umbra's June 7, 2022 letter. Ex. G.

29.    Grand Fusion's June 30, 2022 letter represented that it "will soon release a modified design of the products that you have accused of infringement." *Id.* According to Grand Fusion's letter, in the modified design, "the mat associated with the dish drying rack will have only one design element that you contend qualifies as a 'fold,' as set forth in" Umbra's June 7, 2022 letter. *Id.*

30.    Based on Grand Fusion's representation, in good faith Umbra awaited the allegedly imminent release of the modified design.

31.    To date, upon information and belief, Grand Fusion has never released the promised modified design.

COMPLAINT FOR:
PATENT INFRINGEMENT

32.    Grand Fusion has continued to willfully infringe the '453 Patent through its manufacture, use, offer for sale, sell and/or import of the Accused Products, resulting in substantial ongoing harm to Umbra. To protect its interests, Umbra now files this action.

### COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 9,907,453
### (35 U.S.C. § 271)

33.    Umbra incorporates by reference each and every allegation contained in the Paragraphs of this Complaint as though fully set forth herein.

34.    The Accused Products and Grand Fusion's willfully infringing activities violate one or more subsections of 35 U.S.C. § 271.

35.    Grand Fusion, through its agents, employees, and/or servants, has knowingly, intentionally, and willfully infringed one or more claims of the '453 Patent, literally or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing Accused Products.

36.    The Accused Products include at least the "Grand Fusion Compact Collapsible Dish Drying Rack and Ultra Absorbent Microfiber Mat." *See, e.g.* Ex. H   (https://www.grandfusionhousewares.com/products/dish-drying-rack-with-mat, last accessed April 21, 2023); Ex. I (https://www.amazon.com/Collapsible-Absorbent-Microfiber-Silverware-Customizable/dp/B08HR5QBQV?ref_=ast_sto_dp&th=1, last accessed April 21, 2023).

37.    Under 35 U.S.C. § 271(a), Grand Fusion directly infringes at least Claim 1 of the '453 Patent, literally or under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing the Accused Products in the United States.

- 8 -

38.     As shown in the non-limiting, exemplary chart below for the Grand Fusion Compact Collapsible Dish Drying Rack and Ultra Absorbent Microfiber Mat, Grand Fusion infringes at least Claim 1 of the '453 Patent:

- 9 -

COMPLAINT FOR:
PATENT INFRINGEMENT

| '453 Patent Claim 1 | Exemplary Accused Product |
|---|---|
| A combination dish drying mat and rack, comprising: |  |
| a mat having a top surface, bottom surface, a plurality of sides, a plurality of segments and at least two folds, wherein each fold is disposed as a divisor between each of two segments and the mat is operatively arranged to be foldable about the folds into a closed position; and, |   13 = top surface; 14 = bottom surface; :a- :d = plurality of sides; 13a-13c = plurality of segments; 19a, 19b = folds |

- 10 -

COMPLAINT FOR:
PATENT INFRINGEMENT

Folded about the folds into a closed position.

COMPLAINT FOR:
PATENT INFRINGEMENT

| | |
|---|---|
| a rack having a base, wherein the base of the rack rests upon at least a portion of the top surface of the mat in an open position, the rack having a plurality of ribs extending upwardly from the base and a plurality of channels, wherein the plurality of ribs form the corresponding plurality of channels, the plurality of ribs and channels are operatively arranged to hold kitchenware in a substantially upright position, and the rack is arranged to be disposed within at least a portion of the mat when the mat is folded into a closed position, |  |
| | 12 = rack; 13 = top of mat; 26a-26c = plurality of ribs; 28a, 28b = plurality of channels |

- 12 -

COMPLAINT FOR:
PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Photo taken from Grand Fusion website showing the rack operatively arranged to hold kitchenware in a substantially upright position. https://www.grandfusionhousewares.com/products/dish-drying-rack-with-mat.



- 13 -

COMPLAINT FOR:
PATENT INFRINGEMENT

| | Photo of rack arranged to be disposed within at least a portion of the mat when the mat is folded into a closed position. |
|---|---|
| the rack further comprising a plurality of protrusions extending upwardly from the base and a plurality of slots recessed within the base, wherein the plurality of protrusions are arranged in pairs and each protrusion of each pair is disposed opposite one another laterally across the base of the rack and the plurality of slots are co-planar and parallel to one another. |  |
| | 12 = rack; 22a-22g = plurality of protrusions; 23a-23g = plurality of protrusions; 25a-25f = plurality of slots; 24 = base |

COMPLAINT FOR:
PATENT INFRINGEMENT

| | Protrusions are arranged in pairs (22a, 23a) with each disposed opposite one another laterally across the base of the rack. Slots are co-planar and parallel. |
|---|---|

39.    The above non-limiting, exemplary chart for the Grand Fusion Compact Collapsible Dish Drying Rack and Ultra Absorbent Microfiber Mat is based on information currently available to Grand Fusion. Discovery may identify additional or different aspects of Grand Fusion products that meet the limitations of Claim 1 of the '453 Patent and additional claims of the '453 Patent may be determined to be infringed.

40.    In violation of 35 U.S.C. § 271(b), literally or under the doctrine of equivalents, Grand Fusion also knowingly and intentionally induced infringement of one or more claims of the '453 Patent, including at least Claim 1, by encouraging, instructing, and aiding one or more persons in the United States, including but not limited to manufacturers, distributors, end users, and customers to make, use, sell, and/or offer to sell the Accused Products, during or after such article's importation into the United States.

41.    For example, Grand Fusion's marketing and packaging materials instruct and encourage the use of the infringing Accused Products.

COMPLAINT FOR:
PATENT INFRINGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20







21  https://www.grandfusionhousewares.com/products/dish-drying-rack-with-mat (last

22  accessed April 20, 2023).

23      42.    Grand Fusion also induced its distribution partners to infringe by

24  encouraging them to sell, and/or offer to sell the Accused Products.

25      43.    For example, the Accused Products are available for sale at numerous

26  distributors and retailers, including Amazon, Target, Bed Bath & Beyond, Walmart,

27
28

COMPLAINT FOR:
PATENT INFRINGEMENT

and many more. *See, e.g.*, Exs. I-U (https://www.amazon.com/Collapsible-Absorbent-Microfiber-Silverware-Customizable/dp/B08HR5QBQV; https://www.target.com/p/grand-fusion-dish-drying-mat-with-3-section-rack-dark-gray/-/A-87577907; https://www.bedbathandbeyond.com/store/product/grand-fusion-dish-drying-rack-and-ultra-absorbent-microfiber-mat-light-gray/300072363; https://www.walmart.com/ip/Grand-Fusion-Dark-Gray-Dish-Drying-Rack-with-Ultra-Absorbent-Microfiber-Mat-Dark-Gray-20-x-15-5-x-6/419198351; https://www.ebay.com/itm/266115323099?chn=ps&mkevt=1&mkcid=28; https://www.hsn.com/products/grand-fusion-set-of-2-dish-drying-mats-with-3-section-r/20383271; https://www.qfc.com/p/grand-fusion-compact-collapsible-dish-drying-rack-and-microfiber-mat-light-gray/0003933967710; https://www.harristeeter.com/p/grand-fusion-compact-collapsible-dish-drying-rack-and-microfiber-mat-dark-gray/0003933967750?fulfillment=PICKUP; https://www.newegg.com/p/0BM-09WT-00004; https://www.fredmeyer.com/p/grand-fusion-compact-collapsible-dish-drying-rack-and-microfiber-mat-light-gray/0003933967710?fulfillment=SHIP; https://www.ralphs.com/p/grand-fusion-dish-drying-rack-and-ultra-absorbent-microfiber-mat-black/0003933968020?fulfillment=PICKUP; https://www.frysfood.com/p/grand-fusion-compact-collapsible-dish-drying-rack-and-microfiber-mat-dark-gray/0003933967750?fulfillment=SHIP; https://www.metromarket.net/p/grand-fusion-dish-drying-rack-and-ultra-absorbent-microfiber-mat-black/0003933968020?fulfillment=PICKUP) (websites last accessed April 21, 2023).

44.    Through the above acts, Grand Fusion encouraged, instructed, and aided its manufacturers, distributors, end users, and customers to make, use, sell, and/or offer to sell Accused Products that infringe at least Claim 1 of the '453 Patent.

COMPLAINT FOR:
PATENT INFRINGEMENT

45.     Grand Fusion has had knowledge of the '453 Patent and has been aware that the Accused Products infringe one or more claims of the '453 Patent since at least as early as Umbra's first cease and desist letter to Grand Fusion, dated April 27, 2022. Additional information establishing an earlier date of first knowledge may be identified during discovery.

46.     Accordingly, Grand Fusion knew of the '453 Patent and knew or should have known that its encouraging, instructing, and aiding of manufacturers, distributors, end users, and customers to make, use, sell, and/or offer to sell the Accused Products would result in direct infringement and intended to cause those acts which constitute that direct infringement. Alternatively or additionally, Grand Fusion has been willfully blind to its infringement.

47.     Despite this knowledge, and despite representing it would redesign the Accused Products in an allegedly noninfringing manner in June 2022, Grand Fusion has continued selling the infringing design.

48.     On information and belief, as of the filing of this Complaint, Grand Fusion has never made, used, offered to sell, sold, and/or imported any new design, altered design, or redesign, infringing or noninfringing.

49.     Thus, Grand Fusion's continued infringing acts after its knowledge of the '453 Patent and its infringing acts renders Grand Fusion's conduct willful and its inducement of others intentional.

50.     Grand Fusion's above activities have been without authority and/or license, express or implied, from Umbra.

51.     Grand Fusion has profited from and will continue to profit from its infringing activities.

52.     Umbra has been and will continue to be damaged and irreparably harmed by Grand Fusion's infringing activities. As a result, Umbra is entitled to

injunctive relief and damages adequate to compensate it for such infringement, in no event less than a reasonable royalty, in accordance with 35 U.S.C. §§ 271, 281, 283, and 284. The amount of monetary damages Grand Fusion's acts of infringement have caused to Umbra cannot be determined without an accounting. Pursuant to 35 U.S.C. § 284, Umbra also claims and seeks enhanced treble damages, together with interests and costs as fixed by this Court.

53.     The harm to Umbra from Grand Fusion's ongoing willful infringing activity is irreparable, continuing, and not fully compensable by money damages, and will continue unless Grand Fusion's infringing activities are enjoined.

54.     Pursuant to 35 U.S.C. § 285, Umbra also claims and seeks reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

## **PRAYER FOR RELIEF**

WHEREFORE, Umbra respectfully requests the Court grant the relief set forth below:

1.     A judgment that Defendant has directly infringed, either literally or under the Doctrine of Equivalents, one or more claims of the '453 Patent;

2.     A judgment that Defendant has indirectly infringed, either literally or under the Doctrine of Equivalents, the '453 Patent by inducing its customers, distributors, and end users to directly infringe one or more claims of the '453 Patent;

3.     An injunction against Defendant, its officers, agents, servants, employees, all parent and subsidiary entities, all assignees and successors in interest, and those persons or entities acting in concert or participation with Defendant, including distributors, retailers, and others, permanently enjoining them from further infringement of the '453 Patent;

4.     A judgment awarding Umbra all appropriate damages pursuant to 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future

- 19 -

COMPLAINT FOR:
PATENT INFRINGEMENT

infringement of the Asserted Patents, including both pre- and post-judgment interest, costs, and disbursements pursuant to 35 U.S.C. § 284;

     5.    A judgement that Defendant's acts of patent infringement were willful and awarding Umbra enhanced damages pursuant to 35 U.S.C. § 284;

     6.    A finding that this case is exceptional within the meaning of 35 U.S.C. § 285 and that Umbra be awarded its reasonable attorneys' fees against Defendant incurred in prosecuting this action; and

     7.    An accounting for infringing sales not presented at trial and an award by the Court of supplemental damages for any such infringing sales.

     8.    In addition, that the Court award such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Umbra hereby demands a trial by jury of all issues so triable.

Dated: April 27, 2023       Respectfully submitted,

                              MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

                              By: */s/ Andrew D. Skale*
                              Andrew D. Skale (SBN 211096)
                              Adam B. Korn (SBN 331133)
                              Michael R. Graif (*Pro Hac Vice Forthcoming*)

                              *Attorneys for Plaintiff Umbra LLC*

- 20 -

COMPLAINT FOR:
PATENT INFRINGEMENT